# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-49 (DWF/SER) |
| Respondent-Plaintiff, | Civil No. 18-3252 (DWF) |
| v. | |
| Andre Jamar Wilborn, | **MEMORANDUM OPINION AND ORDER** |
| Petitioner-Defendant. | |

---

Andre Jamar Wilborn, Petitioner-Defendant, *Pro Se*.

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Andre Jamar Wilborn's ("Petitioner-Defendant") *pro se* motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 63.) The United States of America (the "Government") opposes Petitioner-Defendant's motion. (Doc. No. 71.)

Petitioner-Defendant seeks relief on two grounds: first he requests that the Court "remove the two point gun enhancement" from his Presentence Investigation Report ("PSR") so that he may "receive the full benefits of the Residential Drug Abuse Program" ("RDAP"), and second, he requests that the Court "issue [a] judicial recommendation" to the Bureau of Prisons ("BOP") that Petitioner-Defendant be placed

in a Residential Rentry Center ("RRC").  The Government opposes Petitioner-Defendant's motion, arguing that it should be dismissed because the relief sought therein is not appropriate under § 2255.  To this point, the Government accurately notes that Petitioner-Defendant did not file an appeal of his sentence and expressly disclaims such an appeal in his motion, resulting in a prayer for relief that would be more appropriately pursued under 28 U.S.C. § 2241.

For the reasons set forth below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

Petitioner-Defendant is serving a 60-month term of imprisonment and is confined at the Federal Correctional Institution in Oxford, Wisconsin.  On February 7, 2018, Petitioner-Defendant was convicted of one count of aiding and abetting Possession With Intent to Distribute Heroin in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2) following entry of a guilty plea on May 3, 2017.  (Doc. Nos. 51, 27.)  This Court sentenced Petitioner-Defendant to a sentence of 5 years imprisonment, to run concurrent with his then-pending state court sentence, as well as 5 years of supervised probation and a $100 special assessment.  (Doc. No. 51.)  Counts 1 and 3 were dismissed on the motion of the Government.  (*Id.*)  This Court recommended to the BOP that Petitioner-Defendant be "designated to a Minnesota facility to be close to his family," and further, that he "be allowed to participate in the 500-hour Residential Drug Abuse Program offered by the Bureau of Prisons."  (*Id.*)

Petitioner-Defendant did not appeal his sentence.

2

Petitioner-Defendant requested participation in the RDAP. (Doc. No. 71 ("Gov't. Memo"), Ex. 1.) He was notified on January 18, 2019 that he did not qualify for the program because the BOP determined he did not meet the criteria for a substance use disorder. (*Id.*) Upon this finding, the BOP determined that no offense review related to Petitioner-Defendant's eligibility was required. (*Id.*)

I. **Plea Agreement**

Petitioner-Defendant's sentence was in keeping with the terms set forth in a plea agreement signed by Petitioner-Defendant and his counsel on the day he entered his guilty plea. (Doc. No. 28 ("Plea Agreement").) In the Plea Agreement, the parties stipulated that Petitioner-Defendant "possessed a Taurus, Model Pt111, 9mm semi-automatic pistol in connection with the possession of the heroin." (Plea Agreement ¶ 2.) The Plea Agreement also stated that Petitioner-Defendant agreed that, were this matter to go to trial, the Government would prove that fact "beyond a reasonable doubt." (*Id.*) The parties further acknowledged that the Court would consider the United States Sentencing Guidelines ("the Guidelines") at sentencing and stipulated to applicable guideline calculations. (Plea Agreement ¶ 5.) These calculations included Specific Offense Characteristics, and Petitioner-Defendant agreed that "a dangerous weapon, a firearm, was possessed, resulting in a 2 level increase to the base offense level" under Guideline §2D1.1(b)(1). (Plea Agreement ¶ 5(b), citing USSG §2D1.1(b)(1).)

II. **Presentence Investigation Report**

A PSR was requested at Petitioner-Defendant's plea hearing. (Doc. No. 27.) This sealed document was filed on July 12, 2017. (Doc. No. 32.) The parties received the

PSR prior to sentencing and each filed responses accordingly. (Doc. Nos. 36, 45.) The PSR noted that in the Plea Agreement, the parties agreed that "a dangerous weapon, a firearm, was possessed, resulting in a 2-level increase" per USSG § 2D1.1.(b)(1). (PSR ¶ 3.) The PSR reiterated in its offense level computation that specific offense characteristics applied, again stating that a 2-level increase is warranted when a defendant possessed a dangerous weapon in connection with the offense of conviction, and specified that that Petitioner-Defendant possessed a Taurus 9mm semi-automatic pistol in connection with the possession of heroin. (PSR ¶ 21.) This Court adopted the PSR without change at sentencing. (Doc. No. 52.)

### III. Petitioner-Defendant's Sentencing Memorandum

Through counsel, Petitioner-Defendant filed his Position with Respect to Sentencing on July 25, 2017. (Doc. No. 36 ("Sentencing Memo").) In his response, Petitioner-Defendant noted that the Plea Agreement and PSR differed somewhat in their respective Guidelines calculations, but both arrived at a total offense level of 23, and expressly stated that Petitioner-Defendant had "no objections" to the PSR. (Sentencing Memo at 1-2.)

## DISCUSSION

### I. 28 U.S.C. § 2255

A petitioner-defendant's challenge to the validity of a sentence itself must be brought under § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). The sentencing court has jurisdiction over a challenge to the sentence itself, but not over a challenge to the execution of a sentence. *Id.; United*

*States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983). Petitioner-Defendant expressly states that he is *not* asking this Court to "change his sentence or amend his judgment." (Doc. No. 63 at 4.) Rather, Petitioner-Defendant requests that the record in his case be altered so that he is eligible for a reduction in his sentence per BOP regulations, and centers his arguments around the potential effects of the PSR adopted at sentencing. This being the case, his claim is not cognizable under § 2255, and this Court does not have jurisdiction. *See, e.g., United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977).[1]

## II.   28 U.S.C. § 2241

A petitioner-defendant "may attack the execution of his sentence through § 2241 in the district where he is incarcerated." *Matheny*, 307 F.3d at 711; *Leath*, 711 F.2d at 120. The petitioner-defendant must first exhaust his or her administrative remedies within the BOP system before a § 2241 habeas action may be brought. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). This requirement, though neither statutory nor jurisdictional, is generally enforced except under exceptional circumstances, such as futility of seeking administrative relief or lack of time in which to pursue administrative remedies effectively. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir.

---

[1]   The Court construes Petitioner-Defendant's motion as a petition under § 2241 rather than under § 2255 as labeled. However, in the interest of thoroughness, the Court has considered whether the issuance of a certificate of appealability ("COA") is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997.) In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

5

2004); *Simon v. LaRiva*, No. Civ. 16-0146, 2016 WL 1626819, at *4 (D. Minn. Mar. 10, 2016) (collecting cases). The administrative remedy procedure of the BOP involves first presenting a claim to staff, then if unsuccessful, filing a formal grievance with the Warden. *Crawford v. Nicklin*, No. Civ. 13-2462, 2014 WL 538699, at *3 (D. Minn. Feb. 11, 2014). A prisoner can further appeal to the BOP General Counsel before resorting to a § 2241 petition. *Id.* A § 2241 petition brought before exhausting administrative remedies or before a court without subject-matter jurisdiction is dismissed without prejudice. *See Mathena*, 577 F.3d at 946; *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011).

Petitioner-Defendant has not begun, let alone exhausted, the remedies available to him under BOP policy and has not presented any argument or evidence to justify a waiver of the exhaustion requirement. Moreover, Petitioner-Defendant is not confined in this district. This Court would be compelled to dismiss for either of these reasons.

## CONCLUSION

At sentencing, as both parties recounted, this Court recommended to the BOP that Petitioner-Defendant be placed near his family and be allowed to participate in RDAP.[2]

---

[2] In light of Petitioner-Defendant's history of substance abuse and that he participated in intensive out-patient treatment in 2017 (Doc. No. 32 ¶¶ 107-110), and the fact that the Court has been informed that he was deemed ineligible, for some reason, for the RDAP program (Gov't Memo Ex. 1), the Court assumes that Petitioner-Defendant is participating in a 12-step and/or other support groups in order to continue his recovery and maintain his sobriety. Obviously, such participation significantly reduces the chance of reoffending or violating his supervised release conditions upon his release. And, at the time of sentencing, the Court directed that two of Petitioner-Defendant's special conditions would be that he make a good faith effort to obtain and work with an AA or

(Footnote Continued on Next Page)

These recommendations stand, and they speak for themselves. While this Court appreciates the thoroughness of Petitioner-Defendant's argument and commends the positive progress he has made in custody, his arguments are misplaced. This Court will not disturb the sentence imposed after consideration of the parties' own agreement and responses to the PSR and, in any event, it does not have jurisdiction to do so.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Andre Jamar Wilborn's motion for habeas relief (Doc. No. [63]) is respectfully **DENIED**.

2. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 cases.

3. The Government's Motion to Dismiss Petitioner-Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. [71]) is **GRANTED**.

4. No certificate of appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 9, 2019          s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge

---

(Footnote Continued From Previous Page)
NA sponsor and that he participate in not less than one AA/NA/MA or other 12-step meeting per week, in addition to abstaining from the use of alcohol or other intoxicants. (Doc. No. 51 at 5.)